# Interpretation of District of Columbia Good Time Credits Act of 1986

The District of Columbia Good Time Credits Act of 1986, which requires that prisoners "be given credit on the maximum . . . term of imprisonment for time spent . . . on parole" does not impliedly repeal another provision of the D.C. Code, that requires that recommitted parole violators not receive credit against their sentences for time spent on parole.

June 8, 1988

MEMORANDUM OPINION FOR THE CHAIRMAN
UNITED STATES PAROLE COMMISSION

You have requested the opinion of this Office on whether section 5(a) of the District of Columbia Good Time Credits Act of 1986, D.C. Code § 24–431 (Supp. 1987), repeals by implication D.C. Code § 24–206(a) (1981). For the reasons set forth in this memorandum, we believe that section 5(a) of the 1986 Act does not repeal D.C. Code § 24–206(a).

## Background

The District of Columbia, like virtually every jurisdiction, affords most prisoners an opportunity to serve a portion of their sentences on parole. Parolees are required to report periodically to their parole officers and to observe the conditions of their paroles, but they are not confined in correctional institutions and generally enjoy substantial freedom.

If a parolee violates the conditions of his parole (the most common violation being the commission of a new offense), the parole may be revoked and the parolee recommitted to a correctional institution. In all jurisdictions of which we are aware, when a parole violator is returned to prison, the time he spent on parole prior to the revocation is not credited against his sentence. Until recently that was unquestionably the rule in the District of Columbia, for D.C. Code § 24–206(a) (1981) provides that:

> If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. For the purpose of commutation for good conduct, the remainder of the sentence originally imposed shall be considered as a new sentence. The

time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced.

On April 11, 1987, however, the District of Columbia Good Time Credits Act of 1986, D.C. Code §§ 24–428 - 24–434 (Supp. 1987), took effect. Section 5(a) of the Act, D.C. Code § 24-431 (Supp. 1987), provides that:

Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed.

The question thus arises whether the first sentence of section 5(a), which requires that prisoners "be given credit on the maximum . . . term of imprisonment for time spent . . . on parole," impliedly repeals D.C. Code § 24–206(a), which requires that recommitted parole violators *not* receive credit against their sentences for time spent on parole.

The United States Parole Commission, which supervises District of Columbia offenders committed to federal prisons, believes that section 5(a) does not impliedly repeal D.C. Code § 24–206(a). Memorandum for Clair Cripe, General Counsel, United States Bureau of Prisons, from Patrick J. Glynn, General Counsel, United States Parole Commission (Sept. 16, 1987). The Commission relies heavily upon the familiar principle of statutory construction that repeals by implication are not favored and will be found only where two statutes are irreconcilable. *Id.* at 2–3. The Commission concludes that section 5(a) is not irreconcilable with D.C. Code § 24–206(a); the former merely states a general principle, namely that time served on parole is credited toward service of the maximum sentence, while the latter states an exception to that general rule, namely that in cases of parole revocation, time spent on parole will not be credited toward the maximum term of imprisonment. *Id.* at 3. Viewed in this light, there is no inconsistency between the two statutes. Indeed, the provision of D.C. Code § 24–206(a) that parole violators will not have time spent on parole credited against their sentence necessarily implies that parolees who successfully complete parole will receive credit against their maximum term of imprisonment.

The District's Corporation Counsel takes a contrary view. He has opined that there is an unavoidable inconsistency between D.C. Code § 24–206(a) and section 5(a) of the Good Time Credits Act and therefore that the latter repeals the former by implication. The Corporation Counsel acknowledges that repeals by implication are disfavored, but notes that a harmonizing interpretation of two arguably inconsistent acts must preserve the sense and purpose of each act. Letter for Patrick J. Glynn, General Counsel, United States Parole Commission, from Frederick D. Cooke, Jr., Corporation Counsel, District of Columbia at 2 (Oct. 30, 1987) ("Cooke letter"). The Corporation Counsel observes that one of the pri-

mary purposes of the Good Time Credits Act was to deal with the "unprecedented overcrowding problem" in the District's prisons "by *shortening* the length of both maximum and minimum sentences through the use of credit," *id.* at 3 (quoting Report of the Committee on the Judiciary, Council of the District of Columbia, on Bill 6–505 at 2 (Nov. 12, 1986) ("Report")), and concludes that giving section 5(a) the meaning suggested by the Parole Commission would not effectuate the purpose of the bill.

Additionally, the Corporation Counsel argues that repeals by implication will be found where the later legislation is intended to cover the field in a comprehensive manner. The Corporation Counsel suggests that the Good Time Credits Act "appears on its face to cover in a comprehensive manner the field of the extent to which time served in custody (*i.e.*, confinement) and on parole shall be credited toward the minimum and maximum sentence." *Id.*

Finally, the Corporation Counsel argues that the construction of section 5(a) proffered by the Parole Commission would render the section meaningless as applied to parole. Since "preexisting law makes quite clear the general rule, namely that time served on parole is time served in fulfillment of the maximum sentence," an interpretation of section 5(a) that limited the section to a restatement of that general proposition would not change the law in any way. *Id.* at 4.

## Analysis

It is, of course, a cardinal principle of statutory construction that repeals by implication are not favored. *Andrus v. Glover Constr. Co.*, 446 U.S. 608, 618–19 (1980); *United States v. United Continental Tuna Corp.*, 425 U.S. 164, 167–68 (1976); *TVA v. Hill*, 437 U.S. 153, 189–90 (1978); *Morton v. Mancari*, 417 U.S. 535, 549–50 (1974); *United States v. Hansen*, 772 F.2d 940, 944 (D.C. Cir. 1985), *cert. denied*, 475 U.S. 1045 (1986); *Samuels v. District of Columbia*, 770 F.2d 184, 194 n.7 (D.C. Cir. 1985); *FAIC Securities v. United States*, 768 F.2d 352, 362 (D.C. Cir. 1985); *Izaak Walton League of America v. Marsh*, 655 F.2d 346, 366–68 (D.C. Cir. 1981), *cert. denied*, 454 U.S. 1092 (1981); *Executive Limousine Serv. v. Goldschmidt*, 628 F.2d 115, 120 (D.C. Cir. 1980). Courts will find an implied repeal only where the earlier and later statutes are irreconcilable. *TVA v. Hill*, 437 U.S. 153 (1978); *Izaak Walton League of America v. Marsh*, 655 F.2d 346 (D.C. Cir. 1981), *cert. denied*, 454 U.S. 1092 (1981). Moreover, the principle that repeals by implication are not favored carries special weight when it is suggested that a specific statute has been impliedly repealed by a more general one. *United States v. United Continental Tuna Corp.*, 425 U.S. 164 (1976). Courts have instead recognized that "[a] statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum." *Bradley v. Kissinger*, 418 F. Supp. 64, 68 (D.D.C. 1976).

Applying these principles to the instant case leads us to conclude that section 5(a) of the Good Time Credits Act did not implicitly repeal the preexisting mandate of D.C. Code § 24-206(a). As has already been noted, D.C. Code § 24–206(a), which provides that parole violators shall not have time spent on parole credited

against their sentences, necessarily implies that other parolees will receive credit for the time spent on parole. Section 5(a) can naturally be read, as the Parole Commission suggests, as doing nothing more than stating this general rule, to which D.C. Code § 24–206(a) is an exception.

The Corporation Counsel argues that section 5(a) cannot be interpreted as simply stating the general rule that time served on parole is time served in fulfillment of the maximum sentence because that principle is already clearly stated in the D.C. Code. The Corporation Counsel points to D.C. Code § 24–204(a), which states in pertinent part:

> While on parole, a prisoner shall remain in the legal custody and under the control of the Attorney General of the United States or his authorized representative until the expiration of the maximum of the term or terms specified in his sentence . . . .

The Corporation Counsel is clearly correct in stating that this provision implies that time served on parole will be credited against the sentence; if that were not the case, it would be impossible for a prisoner to remain on parole until the expiration of his sentence. The Corporation Counsel argues that to interpret section 5(a) in the manner suggested by the Parole Commission would be to render it superfluous in view of D.C. Code § 24–204(a), a violation of the principle that no part of a statute should be presumed superfluous unless such a construction cannot be avoided. That principle, however, is properly limited to consideration of the superfluity of a portion of a statute within the context of the statute itself, not within the context of the entire corpus of the law. It is neither irrational nor unusual for a statute to affirm explicitly a prior practice, particularly when the statute deals comprehensively with a subject. Looking only to the Good Time Credits Act, the provision relating to credit for time spent on parole clearly has some meaning. The fact that it overlaps with another statute does not require that the phrase be given a different meaning than that indicated by the statutory language.

In addition to the general principle disfavoring repeals by implication, there are several specific indications in the legislative history that section 5(a) was not intended to repeal D.C. Code § 24–206(a). As originally introduced, the bill that became the Good Time Credits Act provided, in pertinent part:

> (a) Every person shall be given credit on the maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed. When entering the final order in any such case, the court shall provide that the person be given credit for the time spent.

> (b) In any case in which a person has been in custody due to a charge that resulted in a dismissal or acquittal, the amount of time that would have been credited against a sentence for the charge,

100

had one been imposed, shall be credited against any sentence that is based upon a charge for which a warrant or commitment detainer was placed during the pendency of such custody.

(c) In any case in which probation is revoked, the time that the person has served under the probation shall be considered time served and shall be credited toward and considered a part of the time the person was originally sentenced to serve.

(d) In any case in which parole is revoked for violations of the conditions of parole and the person is recommitted to serve the remainder of the maximum term, the person shall not forfeit good time credits earned while on parole.

The bill was referred to the District of Columbia Council's Committee on the Judiciary, which held a public hearing on the bill on November 5, 1986. Among those testifying was Hallem H. Williams, Deputy Director of the District's Department of Corrections. Williams testified in support of the bill generally, but noted that subsection (c) would conflict with D.C. Code § 24–104 (Supp. 1986), which provides that "[i]f probation is revoked, the time of probation shall not be taken into account to diminish the time for which he was originally sentenced." Williams also observed that subsection (c) "would tend to weaken the incentive of a probationer to observe the conditions of his probation, especially toward the end of the probationary period, as revocation at such time could mean a significantly shorter period of incarceration than the probation violator might otherwise be required to serve."

Presumably in response to Williams' testimony, the version of the bill reported by the Judiciary Committee eliminated subsection (c) on probation revocations. The bill reported by the Committee provided, in pertinent part:

(a) Every person shall be given credit on the maximum term and the minimum period of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for the time spent.

. . . .

(c) When parole is revoked for violations of the conditions of parole and the person is recommitted to serve the remainder of the maximum term, the good time credit shall be computed on the basis of the original maximum sentence and the inmate shall not forfeit good time credit previously earned on the current sentence.

As enacted, the Good Time Credits Act adopted subsection (a) of the committee markup version with only minor stylistic changes,[1] but eliminated the subsection on parole revocations entirely.[2]

The provision on probation revocations, which the D.C. Council refused to enact, would have accomplished explicitly for probation violators precisely what the Corporation Counsel argues the bill as enacted obliquely accomplishes for parole violators. It is not at all clear, however, why the same policy considerations that led the Council to reject credit for time served on probation for subsequent probation violators would not apply equally to parole violators. Moreover, assuming that the Council did discern some policy consideration that would justify differential treatment between probation violators and parole violators, it is puzzling that the Council did not clearly express its desire that parole violators receive credit toward their sentences for time served on parole.[3] Certainly the existence of the probation revocation provision in the original bill suggests that the Council was capable of expressing that idea unambiguously.

A second indication that section 5(a) was not intended to repeal D.C. Code § 24–206(a) is that section 9 of the Good Time Credits Act, D.C. Code § 24–405 (Supp. 1987), explicitly repeals the existing D.C. law on good time credits. In addition, the Judiciary Committee report on the bill, under the heading "Impact of [sic] Existing Law," states that "Bill 6–505 would repeal D.C. Code 24–405, the District's current good time credits statute and create a comprehensive sys-

---

[1] The committee markup had referred to "the maximum term and the minimum period of imprisonment," while the enrolled bill speaks of "the maximum and the minimum term of imprisonment." Also, the second sentence of the committee markup referred only to "credit for the time spent," a reference to the "time spent in custody or on parole as a result of the offense for which the sentence was imposed" as set forth in the preceding sentence. The enrolled bill repeats that phrase in the second sentence.

[2] The Corporation Counsel suggests that subsection (d) of the original bill evinces an "unmistakable general intent . that, even where parole is revoked, the time served on parole should to some extent be credited against the remainder of the maximum sentence." Cooke letter at 3. The Counsel further argues that the phrase "or on parole" was added to subsection (a) by the Judiciary Committee as a substitute for original subsection (d) thus perpetuating the "unmistakable general intent" of that subsection.

This argument is clearly without merit. Original subsection (d) on parole revocation was not omitted by the Judiciary Committee; it simply became new subsection (c) after the provision on *probation* revocation (to which Hallem Williams had objected) was eliminated from the bill. At the same time the Committee added the phrase "or on parole" to the jail time provision of subsection (a). Thus the phrase "or on parole" in subsection (a) is not a substitute for original subsection (d), since both provisions appear together in the Judiciary Committee markup. The fact that original subsection (d) (subsection (c) of the committee markup) was eliminated from the bill before passage suggests that, whatever the intent of original subsection (d), it cannot be imputed to the bill as enacted.

[3] Section 5(a) is unclear in at least three ways. First, unlike original subsections (c) and (d), it does not explicitly address the issue of revocation. Second, section 5(a) requires time spent on parole to be credited toward both the *minimum* and maximum terms of imprisonment. Since the minimum term of imprisonment means the minimum period of confinement before parole eligibility, a prisoner would always have to serve his minimum period of imprisonment before he could obtain the parole that would then be credited against his minimum eligibility date. In short, the provision is circular as applied to parole. Finally, section 5(a) also requires the court to note the credit for time spent in custody or on parole in its final order. Since prisoners obviously have not served any time on parole at the time of their original sentencing, and since parole revocation is accomplished by administrative rather than judicial action, it is not clear that this provision has any meaning in the parole context. The Corporation Counsel concedes this and recommends that "[T]he words 'or on parole' in the second sentence of § 5(a) should be disregarded." Memorandum for Walter B. Ridley, Acting Deputy Director for Operations, Department of Corrections, from Margaret L. Hines, Deputy Corporation Counsel, District of Columbia at 3 (Apr. 23, 1987) ("Hines memo")

tem of awarding and administering good time credits which will be applied to both the maximum and minimum sentence." Report at 6. The explicit repeal of one section of the D.C. Code suggests that only that section of the code was to be repealed by the law. Similarly, the section of the report stating that the bill would repeal one section of the D.C. Code implies that other sections of the code would be unaffected by the bill.

Finally, subsection (c) of the Judiciary Committee markup version provided that "[w]hen parole is revoked for violations of the conditions of parole and the person is recommitted to serve the remainder of the maximum term, the good time credit shall be computed on the basis of the original maximum sentence." This provision would have been in direct conflict with another part of D.C. Code § 24–206(a), which provides that when a parole violator is returned to prison "[f]or the purpose of commutation for good conduct, the remainder of the sentence originally imposed shall be considered as a new sentence." The Council, however, amended the bill as reported from the Judiciary Committee and this provision was not included in the bill as passed. This action suggests that the Council was aware of potential conflicts with section 24–206(a), and that by rejecting subsection (c) of the committee markup the Council intended to retain the status quo in regard to D.C. Code § 24–206(a).[4]

---

[4] In the Hines memo the Corporation Counsel argues that subsection (c) on parole revocation was in effect subsumed in section 2(c) of the enrolled bill. That section provides "[g]ood time credits applied to the minimum term of imprisonment shall be computed solely on the basis of the minimum term of imprisonment. Good time credits applied to the maximum term of imprisonment shall be computed solely on the basis of the maximum term of imprisonment " The Corporation Counsel concludes that section 2(c) of the Good Time Credits Act impliedly repeals that portion of section 24–206(a) of the D.C. Code that provides that in cases of recommitment after a parole violation "[t]he remainder of the sentence originally imposed shall be considered as a new sentence." The Corporation Counsel considers this provision to be incompatible with the requirement that good time credits toward the maximum term of imprisonment be computed solely on the basis of the maximum term of imprisonment.

We believe that the Corporation Counsel has misconstrued the import of section 2(c) D.C. Code § 24–206(a) states that the sentence of a recommitted parole violator shall be the remainder of his original term. Section 2(c) of the Good Time Credits Act requires that good time credits toward the maximum term of imprisonment under that sentence be computed solely on the basis of the maximum term of imprisonment This provision of the Act is addressed to the fact that, since the amount of credits earned is based on the length of the sentence, see D.C Code § 24–428(a)(1)-(5) (Supp. 1987), a single prisoner earns good time credits at two different rates, a slower rate based on the shorter minimum term of imprisonment and a faster rate based on the longer maximum term of imprisonment Section 2(c) thus ensures that credits earned at the faster maximum term rate will not be used to speed up parole eligibility, and conversely that credits earned at the slower minimum term rate will not be used to delay final release. D.C. Code § 24–206(a) addresses the wholly separate issue of defining the sentence (i.e , the maximum term of imprisonment) of a recommitted parole violator. Absolutely nothing in section 2(c) of the Good Time Credits Act requires that the computation of the maximum term of imprisonment be made on the basis of the original sentence; that section merely requires that once the sentence is defined, good time credits be awarded at the rate set for the maximum term of imprisonment under that sentence

## Conclusion

For the foregoing reasons, we conclude that section 5(a) of the District of Columbia Good Time Credits Act of 1986 does not effect a repeal by implication of D.C. Code § 24–206(a) and that parole violators subject to that section of the code cannot receive credit toward their maximum sentence for time served on parole.

MICHAEL CARVIN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*